### FRANK X. RIIFF v. PETER C. GARVEY.

FILED OCTOBER 5, 1905. No. 13,788.

Party Walls: ACTION FOR DAMAGES: EVIDENCE. One who consents to the uncovering of a portion of the roof upon a building belonging to him, to allow one of its walls which is a party wall to be built higher, cannot recover from his co-owner for damages from leakage, unless he proves that the injury resulted from the negligence of the defendant.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson,* for plaintiff in error.

*Millard & Snider, contra.*

LETTON, C.

This suit was brought for ejectment and to recover damages for injury to certain property in Hartington, Nebraska. The plaintiff was the owner of a two-story brick building in Hartington, and also a lot of land 25 feet by 50 feet adjoining this building upon the east. He sold this adjoining tract to the defendant, Peter C. Garvey, and also sold and conveyed to him the right to use the east wall of the brick building as a party wall. Garvey proceeded to erect a two story brick building upon the land thus purchased, using the party wall as the west wall of the same. The roof of the plaintiff's building was constructed with a ridge in the center, and the water on the east side of the roof ran off into a gutter or eaves trough that projected over the land Garvey bought, and upon which his building was constructed. In the erection of Garvey's building it was necessary to remove the eaves trough, to roll back the tin roof which covered the top of the party wall for about two feet and to build the wall several feet higher. The plaintiff's first cause of action sets up that the defendant made an unlawful entry upon the east wall, and that he tore up and destroyed the eaves, spouts and gutters, and the roof of the building, thereby causing the rain to come in and destroy the plaintiff's plastering and causing the plaintiff to change the pitch of his roof and the gutters for the flow of water from the roof. The second cause of action alleges that, in consideration of allowing Garvey to close the window in the east wall in the second story of plaintiff's building, Garvey agreed to furnish sufficient light by constructing a skylight in the plaintiff's building; and the third cause of action is in ejectment to oust Garvey from that portion of the party wall which was extended by him higher than it was when the conveyance was

made. By agreement of the parties the third cause of action was withdrawn from the consideration of the jury after they had been instructed by the court. There is no competent evidence in the record to support a verdict for the plaintiff as to the second cause of action, and the verdict of the jury was clearly right upon this issue.

As to the first cause of action, there is evidence to show that the plastering in the plaintiff's building had been injured by water coming through the roof from melting snow at the time that the tin had been rolled back, but the weight of the evidence shows that the removal of the gutters and the rolling back of the tin was done with the knowledge and approval of the plaintiff. Before the Garvey building was begun, other parties had erected a building directly adjoining the plaintiff's upon the south, and he had engaged a man to change the slope of his roof and the direction of the escape of water therefrom so that it would not flow through the gutters on the east side of the building and be discharged at the southeast corner as before. The testimony is conflicting, but we think the greater weight is with the defendant, and the jury so found by their verdict. It appears that the opening was suffered to remain uncovered except by boards for more than a week, and that during this time some leakage occurred, but it is not shown that the defendant was to blame for this condition of affairs. Whatever damage the plaintiff suffered seems to have come from his own carelessness, or from the failure of the man he had previously employed to rebuild that portion of the roof, and not from any wrong upon the part of the defendant.

As to the instructions complained of, three of them bear upon the question of ejectment, which was afterwards withdrawn from the jury by agreement of the parties. We see no error in instruction numbered 12, which tells the jury that the owner of a building has no right to collect or discharge the rainwater which falls upon his roof upon his neighbor's premises. Instruction numbered 13, which tells the jury that a party wall is in law a solid wall with-

out openings, was apparently intended to apply to the issue as to light. The plaintiff was not prejudiced by the giving of this instruction, since in no event could he recover upon this issue under the evidence. We see no valid objections to instruction numbered 14. As to instruction numbered 15, the language is somewhat involved and obscure, but the idea which is conveyed by this instruction, in connection with the others, is that, if the injury to the plastering was caused by a defective and leaky condition of the plaintiff's roof, not created by the defendant's employees loosening the same, the defendant will not be liable. This is a correct statement of the law.

Upon the whole record we find no error prejudicial to the plaintiff. In fact, as the evidence stood at the close of the plaintiff's case, the motion of the defendant to direct a verdict might have been sustained by the trial court without error, since the only positive testimony that the condition of the plastering was caused by the opening of the roof came from one of defendant's witnesses. The question as to the legal right of one of the owners of a party wall built upon land belonging to the other owner to extend the same to a greater height, without the consent of the other proprietor, is not in the case and is not decided.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.